PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

FOR THE ___WESTREN___ DISTRICT OF TEXAS

___SAN ANTONIO___ DIVISION

**FILED**
FEB 17 2022
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

SA22CA0158

___AVERY B. CRAWFORD___
**PETITIONER**
(Full name of Petitioner)

___McConnell Unit; Beeville, Tx___
CURRENT PLACE OF CONFINEMENT

vs.

BOBBY LUMPKIN, DIRECTOR,
Texas Department of Criminal Justice,
Correctional Institutional Division.

___T.D.C.J-ID#02214933___
PRISONER ID NUMBER

___2017-CR-0602___
CASE NUMBER
(Supplied by the District Court Clerk)

**RESPONDENT**
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation.   (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding.   (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding.   (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other: _____   (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __186TH Judicial District Court; Bexar County, Texas__

2.  Date of judgment of conviction: __August 1st, 2018__

3.  Length of sentence: __75 years__

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __2017-CR-0602; 1 count; Aggravated Robbery with a deadly weapon.__

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ☒ Not Guilty   ☐ Guilty   ☐ Nolo Contendere

6. Kind of trial: (Check one)   ☒ Jury   ☐ Judge Only

7. Did you testify at trial?   ☐ Yes   ☒ No

8. Did you appeal the judgment of conviction?   ☒ Yes   ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? <u>4TH Court of Appeals</u>   Cause Number (if known): <u>04-18-00555-CR</u>

   What was the result of your direct appeal (affirmed, modified or reversed)? <u>Affirmed</u>

   What was the date of that decision? <u>November 20TH, 2019</u>

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: <u>Denial of self representation, right to confront and cross examine a witness, ineffective assistance of counsel for failure to request instruction to suppress, object, and request limiting instruction use of extraneous offenses. ect.</u>
   Result: <u>Denied without written order</u>

   Date of result: <u>March 25TH, 2020</u>   Cause Number (if known): <u>PD-1318-19</u>

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☒ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: <u>Court of Criminal Appeals</u>

    Nature of proceeding: <u>Application for Writ of Habeas Corpus</u>

    Cause number (if known): <u>WR-92,813-01</u>

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: <u>   July 21st, 2021   </u>

Grounds raised: <u>Denial of Self-Representation, forced counsel, failure to inquire into conflicts; I.A.C: failure to request instruction to suppress, object, to the use of extraneous offenses; and denied the right to confront and cross examine his accuser.</u>

Date of final decision: <u>  Court of Criminal Appeals  </u>

What was the decision? _____

Name of court that issued the final decision: _____

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:

_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?    ☐ Yes   ☒ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   _____

   (b) Give the date and length of the sentence to be served in the future: _____

   _____

-4-

    (c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☐ No

**Parole Revocation:**

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?  ☐ Yes   ☐ No

16.    Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?   ☐ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

_____

_____

_____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   ☐ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    <u>Step 1</u> Result: _____

Date of Result: _____

Step 2  Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.  **GROUND ONE:** <u>Petitioner's Sixth and Fourteenth Amendment Const-itutional right to Self-Representation was violated.</u>

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
    On July 23rd, 2018; during a pre-trial hearing ("Motion and Arraignment Hearing), addressing a motion to withdraw counsel for I.A.C. The petitioner (Mr.Crawford) requested and asserted his right to represent himself and was denied that right. THE DEFENDANT:"Okay. Well, then I'd rather just go and take my chances pro se, your Honor. THE COURT:"Well I'm not going to do a pro se hearing right now. But I'm going to have you work with Mr.Shaughnessy on these cases". see. Arraignment and Motion Hearing pg.9 at 21-25; labled as Exhibit A. attached to Mr.Crawford's 11.07 application and Memorandum of Law.

B.  **GROUND TWO:** <u>Petitioner was denied his Fourteenth Amendment constitional right when forced to stay with counsel with conflicts' of interest.</u>

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
    On July 23, 2018; a motion to withdraw counsel was filed by petitioner's counsel. 1) Prior to this hearing a State Bar Grievance was filed by Mr.Crawford in regard to the ineffective assistance of counsel. Despite the existing conflicts'of interest Mr.Crawford was forced to remain with counsel. See."Event Log Display" 0071-4100; labled Exhibit G ; Also see. Appendixes 1&2; and Arraignment and Motion Hearing at Id.

-6-

C. **GROUND THREE:** Petitioner's Fourteenth Amendment was violated when the trial court failed to inquire into the ineffective assistance of counsel.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
On July 23, 2018; during the pre-trial hearing to address the motion to withdraw counsel; Mr.Crawford attempted to present evidence in regards to the effective assistance of counsel. However, the trial court denied the inquiry stating: THE COURT:"I'm not going to consider it sir. I mean I'm not going to take Mr. Shaughnessy off the case'.' see. Arraignment and Motion Hearing pg 9 at 2-20. Labled Exhibit A, attached to Mr. Crawford's 11.07 application.

D. **GROUND FOUR:** Petitioner was denied his Sixth and Fourteenth Amendment's Constitutional right to effective assistance of counsel; When counsel failed to subject the prosecution to a meaningful adversial testing.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
On July 30TH, 2018; during Voir Dire the trial counsel objected to the improper commitment question. It was overruled by the trial court; However, the trial counsel failed to request the instruction in regards to the "One Witness Rule" according to the C.C.P Art.38.17 (The Law). The State gave it's own definition of the one witness rule contrary to the law, lowering it's burden; providing only one witness without any corroborating circumstances. Mr.Crawford's trial counsel failed to request the instruction to which the jury would be bond by that instruction if given; providing the jury with their own interpertation of the law, and requiring the prosecution to meet it's burden.

21. Relief sought in this petition: The issuance of the Writ of Habeas Corpus requiring release or retrial without constitutional infirmity. Also requesting jury demand, and a evidentary hearing.

E. GROUND FIVE: Petitioner was denied his Sixth and Fourteenth Constitutional right to confront and cross examine his accuser.

### STATEMENT OF FACTS'

On July 30TH, 2018; the state's witness Ricardo Vijil (Investigator), Jason Leyman (Investigator), Patrica Nava (Investgator), and the alleged victim Ms. Angela Green; all testified as to what Mrs.Sattiewhite (The petitioner's mom) allegedly said; without good faith effort to secure a witness or alleged co-conspirtor's presence at trial. Prior to trial there was no indication classifying Mrs. Sattiewhite as a witness or co-conspirator. see. States Witness List, labled as Exhibit D , attached to the petitioner's 11.07 application. Neither was there any motion filed to declare the witness was unavailable to testify, allowing testimony as to what Mrs. Sattiewhite allegedly said, or her involvement.

F. GROUND SIX: Petitioner was denied his sixth and Fourteenth Amendment Constitutional right to have effective assistance of counsel; when failing to suppress, object, and request limiting instruction in respect to the use of extraneous offenses.

### STATEMENT OF FACTS'

During the punishment phase of trial the state submitted without objection a gun from a pending charge. However, Mr. Crawford was presented with the ballistic's report, that there was not an affirmitive link-linking Mr.Crawford to the weapon. see. Exhibit I "Police Report" A video allegeding Mr.Crawford was stealing from Macy's. However, the video was confirmed "not conclusive". Mr. Crawford was prejudiced by allowing these extraneous offenses to be submitted to the jury during the punishment phase of trial, to prove character conformity.

Mr. Crawford assert's that in the totalty of the circumstances surrounding his trial, that the introduction of the extraneous offenses during the punishment phase of trial prejudiced his defence, by subjecting him to a harse sentence, depriving him a fair trial, and violating the fundamental fairness of the proceedings. Mr. Crawford further contends that the above pre-

7.1

judiced suffered was due to trial counsel failure to adversially challenge the states usage of the alleged extraneous act's by requesting limiting instruction, or request the instruction in the jury charge that the jury should not consider said extraneous offenses unless proven beyond a reasonable doubt. see.Memorandum of Law attached to Mr.Crawford's 11.07 application.

G. GROUND SEVEN: Petitioner was denied his sixth and fourteenth amendment constitutional right to effective assistance of counsel on direct appeal.

### STATEMENT OF FACTS'

Dispite the conflicts' of interest dicused in grounds 1-3 in Mr.Crawford's 11.07 application and Memorandum of Law; The ineffective assistance of counsel during the trial proceedings, the petitioner was re-appointed the same counsel as his direct appeal counsel. Thus, denying Mr.Crawford a meaningful appeal by fraud and deceitful counsel. At the time the petitioner was indigent in both trial and direct appeal; gave his notice of appeal after conviction (requested different counsel). The record in all proceedings in this case contain facts of the ineffective assistance of counsel, conflicts' of interest, and the ineffective assistance of counsel on direct appeal. see. Appendixes 1-5 attached to Mr. Crawford's 11.07 application and Memorandum of Law; Also see. Exhibit A. for indept arguments!

H. GROUND EIGHT: Petitioner was denied his Fourteenth Amendment Constitutional right to Due Process; When the trial court ignored Mr.Crawford's Constitutional rights' discused in grounds' 1-7.

### STATEMENT OF FACTS'

Mr.Crawford was appointed Mr.Edward F. Shaughnessy (counsel) on July 16TH, 2017; conflicts' arouse between the counsel and the petitioner. The trial court held a hearing to address the motion filed to withdraw counsel. However, the motion was denied, dispite the conflicts' of interest. Mr.Crawford was forced to remain with counsel; denied the right to represent himself, and denied the right to be free from excessive bail; Assaulted by the baliff in the same court room as the court appointed att-

orney watched; denied pro se motions' for a change of venue, and denied the motion for recusal. On July 23, 2018; Mr. Crawford was denied by the trial court life, liberty, or property, without due process of law; also depriving Mr.Crawford within it's jurisdiction the equal protection of the law, described in section 1 of the United States Constitution. see. "Arraignment and Motion Hearing pages 1-11; 11.07 application and Memorandum of Law in totalty please.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes   ☐ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes   ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes     ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a)   At preliminary hearing: <u>Mr. Edward F. Shaughnessy 206 E. Locust St. San Antonio, Tx 78212.</u>

   (b)   At arraignment and plea: <u>same</u>

   (c)   At trial: <u>same</u>

   (d)   At sentencing: <u>same</u>

   (e)   On appeal: <u>same</u>

   (f)   In any post-conviction proceeding: <u>Pro- se</u>

–8–

(g)  On appeal from any ruling against you in a post-conviction proceeding: _____

**Timeliness of Petition:**

26.  If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

<u>This petition is timely filed.</u>

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____Pro Se_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

__Febuary 14, 2022_____ (month, day, year).

Executed (signed) on __Febuary 11, 2022____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: _Avery B. Crawford; T.D.C.J-ID#02214933_

_McConnell Unit, 3001 S.Emily Drive; Beeville, Texas 78102_

-10-