

# United States Court of Appeals
# for the Fifth Circuit

Certified as a true copy and issued
as the mandate on Jan 31, 2025

Attest:
*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 24-50371

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2025

Lyle W. Cayce
Clerk

AVERY B. CRAWFORD,

*Petitioner—Appellant,*

versus

BOBBY LUMPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division,*

*Respondent—Appellee.*

---

Application for Certificate of Appealability
the United States District Court
for the Western District of Texas
USDC No. 5:22-CV-158

---

ORDER:

    Avery B. Crawford, Texas prisoner # 02214933, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 application challenging his conviction for aggravated robbery. Crawford argues that (i) he was denied his right of self-representation in violation of the Sixth Amendment; (ii) his trial counsel rendered ineffective assistance when he failed to object to hearsay testimony by a law enforcement officer that violated his rights under the Confrontation Clause; (iii) his appellate counsel rendered ineffective assistance when he failed to properly

Case 5:22-cv-00158-OLG   Document 55   Filed 01/31/25   Page 2 of 3
Case: 24-50371      Document: 72-1     Page: 2     Date Filed: 01/31/2025

No. 24-50371

brief the Confrontation Clause issue on direct appeal; and (iv) he is actually innocent.

As a preliminary matter, Crawford does not reprise the following claims that he raised in his § 2254 application: (1) he was denied the right to be represented by conflict-free counsel; (2) his Fourteenth Amendment rights were violated when the trial court failed to inquire about counsel's conflict of interest; (3) his trial counsel rendered ineffective assistance when he failed to (a) subject the State's case to meaningful adversarial testing; (b) object to the use of extraneous offense evidence during the punishment phase or request a limiting instruction; and (c) discover and present evidence of his innocence at trial; (4) he was entitled to relief under the cumulative errors doctrine; (5) his constitutional rights were violated when he was subjected to excessive bail, the trial court "refuse[d] to adjudicate the issues of constitutional violations," he was "denied a meaningful appeal by the reappointment of same trial counsel on direct appeal with conflicts of interest," and the state habeas court was prejudiced, biased, and conflicted; (6) his conviction was based on false testimony provided by the State; and (7) the State suppressed evidence of his innocence. Because he fails to reprise these claims in his COA motion, they are abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

A COA may issue only if the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When the district court denies relief on the merits, an applicant must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court denies relief on procedural grounds, a COA should issue if an applicant establishes, at least, that jurists of reason would find it debatable

No. 24-50371

whether the application states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Id.*

Crawford fails to meet the requisite standard. *See id.* His motion for a COA is DENIED.

*[signature]*
IRMA CARRILLO RAMIREZ
*United States Circuit Judge*